IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-07-1091 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| MARSHA STEWART, *et al*, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM**

### **INTRODUCTION**

Petitioner, Edward J. Nicholas, commenced this case by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. The petition was originally filed in the United States District Court for the Western District of Pennsylvania, and that Court transferred the case to this Court on May 16, 2007.

By Order dated October 30, 2007 (Doc. 12), Petitioner was directed to show cause why the Court should not dismiss this action as time-barred by the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed his response on November 8, 2007.  (Doc. 13.)  Upon further investigation, this Court learned that Petitioner has filed at least twelve (12) prior habeas petitions under 28 U.S.C. § 2254.  Thus, for the following reasons, the petition will be dismissed as a successive petition under 28 U.S.C. § 2244(b).

## DISCUSSION

Habeas corpus petitions brought under § 2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). A court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243; *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970), *cert. denied,* 400 U.S. 906 (1970). A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen*, 424 F.2d at 141.

The pertinent authority for dismissing successive habeas petitions is found in 28 U.S.C. § 2244(b) and Rule 9[1] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof.

Prior to the 1996 amendments, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." *McCleskey v. Zant*, 499 U.S. 467, 483 (1991).

---

[1] Rule 9 of the Habeas Corpus Rules provides:

Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. 2244(b)(3) and (4).

2

§ 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

28 U.S.C. § 2244.

In *McCleskey*, the Supreme Court expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

499 U.S. at 489.

Following the 1996 amendments, § 2244(b) now provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or
>>
>> (B)  (i)  the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and

3

>> (ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application . . . .

28 U.S.C. § 2244(b).

As previously noted, Petitioner has filed at least twelve (12) prior habeas petitions under 28 U.S.C. § 2254. His earlier actions, which similarly challenged the legality of his conviction and sentence in the Dauphin County Court of Common Pleas, all have been closed. After reviewing the instant Petition, this Court concludes that Petitioner's challenge to his trial and conviction in Dauphin County Court of Common Pleas is similar in all respects to the arguments raised in his earlier petitions.

Thus, Petitioner has failed to show that his instant Petition falls within the statutory exceptions outlined above. Further, there is no indication that Petitioner applied for and was granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals. Under the requirements set forth in § 2244(b), Petitioner's present successive Petition cannot be entertained by this Court, and the Petition will be summarily dismissed.

An appropriate Order follows.


January 15, 2008                                          /s/ A. Richard Caputo
                                                          A. RICHARD CAPUTO
                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-07-1091 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| MARSHA STEWART, *et al*, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**NOW, THEREFORE, THIS 15th DAY OF JANUARY, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 8) is **GRANTED** solely for the purpose of filing the instant habeas petition.

2. The Petition For Writ of Habeas Corpus (Doc. 1-1) is **DISMISSED** as a successive petition under 28 U.S.C. § 2244(b).

3. The Clerk of Court is directed to close this case.

4. There is no basis for the issuance of a certificate of appealability.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge